# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

vs) **No. 12-0832** (Gilmer County 11-JS-1 and 12-JD-6)

**W.H.,**
**Respondent Below, Petitioner**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner W.H.'s[1] appeal, filed by counsel Christina C. Flanigan, arises from the Circuit Court of Gilmer County, wherein petitioner was placed in a Level III facility, rather than on probation, by order entered on June 15, 2012. The State responds, by counsel Laura Young, in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2011, the DHHR filed an abuse and neglect petition that contained only allegations of petitioner's misbehavior at school. Subsequently, the abuse and neglect petition was amended as a status offense petition. Allegations in the petition cited instances in which petitioner spat on the school bus floor, cursed at and about teachers, placed a condom in a classmate's shoe, and threw metal cans and erasers with others present, to name a few. In July of 2011, the circuit court placed petitioner on a pre-adjudicatory, probationary period for one year with orders to comply with certain terms and conditions. In February of 2012, before petitioner's completion of the one-year period, the State filed a motion to revoke petitioner's probation. As a basis for revocation, the motion included several episodes for which petitioner was placed on detention at school, such as underage tobacco possession, online bullying and harassment, and inappropriate sexual comments directed toward one of the female teachers. Allegations were later amended to include an incident where petitioner committed battery against another student. The case proceeded to adjudication where petitioner admitted to the aforementioned allegations. At disposition, the circuit court ordered petitioner's placement at the Elkins Mountain School, a Level III facility for juveniles where petitioner was ordered to participate in individual counseling and to work toward achieving his high school diploma. Petitioner appeals this placement.

---

[1] We use petitioner's initials, rather than his full name, because he is a juvenile. *See State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

Petitioner argues that this placement at the facility was not the least restrictive alternative available and, that, accordingly, the circuit court committed reversible error. Petitioner argues that Rule 34 of the West Virginia Rules of Juvenile Procedure states that "[j]uveniles adjudicated as delinquent or status offenders are entitled to be sentenced in the least restrictive manner possible that will meet their needs and protect the welfare of the public." Petitioner asserts that he did well in his improvement period from July of 2011 until January of 2012, but then he was required to visit with his father while in his mother's primary custody, and petitioner began acting out at school in hopes of avoiding required visitation with his father. Petitioner argues that his misbehavior only occurred at school and has not had any behavioral problems reported outside of this setting. The State responds by arguing that the circuit court properly ordered the juvenile to the custody of the Level III facility for disposition. The State asserts that the circuit court did not abuse its discretion by considering petitioner's history of behavioral issues, the extensive medical diagnostics concerning petitioner's mental health, and reports from school officials. The State highlights that petitioner's acts were not mere scuffles, but those that were either violent or had the potential for violence and carry the risk of bodily harm to others or himself.

We apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W.Va. Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Our review of the record uncovers no error or abuse of discretion by the circuit court in its placement of the juvenile petitioner. We find that the circuit court articulated on the record the evidence to support its reasons for placing the child out of his mother's home and in a juvenile facility. The circuit court emphasized that outside services and counseling were necessary for the child's welfare and that no less restrictive alternatives were available as petitioner's behavior could not be managed by his parents. The circuit court did not commit error in its placement of petitioner pursuant to West Virginia Code § 49-6-13(b).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II